709 P.2d 1372

**In the Matter of an Application for the COMMITMENT OF an ALLEGED MENTALLY DISORDERED PERSON, MH–1049–3–85.**

No. 2 CA–CIV 5452.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 12, 1985.

Robert B. Fleming, Pima County Public Fiduciary by Alyce Pennington, Tucson, for appellant.

Stephen D. Neely, Pima Co. Atty. by Martha M. Durkin, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The appellant appeals from a May 6, 1985, court order requiring him to receive 180 days in-patient treatment at Arizona State Hospital.

The trial court made the following findings: 1) that appellant was suffering from a mental disorder and as a result was a danger to others and would cause serious harm in the near future, 2) that appellant was unable or unwilling to accept voluntary treatment and 3) that all local treatment possibilities had been exhausted or that there was no appropriate local treatment for appellant. The court further ordered that the 25–day local treatment re-quirement be waived and that the treating physician at Kino Community Hospital provide the Arizona State Hospital with the proper out-patient treatment plan.

Appellant has a history of mental disorder which dates back to 1977. He had previously been admitted to Arizona State Hospital on one occasion and had been hospitalized 16 times at Kino.

On April 21, 1985, appellant, without provocation, verbally threatened and attempted to assault Jean Chesshir, a house manager at the Kiva House, which is a residential facility for the chronically mentally ill. He said, "I am going to kill you." Appellant, who was within two inches of Chesshir, had to be physically restrained by three people. Chesshir testified that if the staff members had not intervened, appellant would have physically harmed her.

A second incident occurred at the Kiva House when appellant verbally threatened to kill and attempted to assault a fellow resident with a cement block. Michael Souders, another house manager at Kiva House, described appellant's behavior as "often aggressive, ... [and] antagonistic towards the clients and staff." For instance, when an argument ensued between appellant and another resident, Souders testified that appellant "picked up the cement block and raised it over his head towards Dave," the fellow resident, who was within inches from him. The resident either ducked or took off running. Appellant made the following threat, "I am going to kill him [the resident] one of these days."

While detained at Kino pending the hearing on this petition for court-ordered treatment, appellant kicked a cup of coffee into Dr. Van Putten's face, causing a chipped tooth and a cut on the doctor's nose. Appellant told the doctor that he heard a voice, became angry and tried to kick the coffee cup out of the doctor's hand.

On May 6, 1985, the patient was ordered to undergo in-patient treatment for up to 180 days and out-patient treatment for the remainder of one year.

Appellant raises the following issues on appeal:

1. There was insufficient testimony presented at the mental health hearing to meet the requirements of A.R.S. § 36–539(B).

2. The evidence did not establish that the patient was unable or unwilling to accept voluntary treatment.

3. The trial court erroneously found that the patient was a danger to others within the meaning of A.R.S. § 36–501(3).

4. The trial court erred in finding that appellant's behavior was the result of a mental disorder.

5. The trial court erred in ordering treatment at Arizona State Hospital.

■ The appellant argues that the trial court erred when it took judicial notice of the affidavits of two physicians who examined the appellant regarding their evaluations of him. The appellant contends that, as a result, there was insufficient testimony presented at the mental health hearing to meet the requirements of A.R.S. § 36–539(B). This statute requires that two physicians testify regarding (1) whether the patient has a mental disorder, (2) whether as a result of the mental disorder the patient is a danger to others and (3) whether the patient requires treatment.

This argument is specious, as it has no support in either the law or the record of the mental health hearing. Counsel for appellant failed to object to the trial court's taking judicial notice of the physician's affidavits. Indeed, she was specifically asked by the court each time if she had an objection and she said she did not. In any event, it is proper for the trial court to take notice of its own judicial records. *Schuldes v. National Surety Corporation*, 27 Ariz.App. 611, 557 P.2d 543 (1976).

■ Furthermore, it is clear from the record that each of the physicians testified, in addition to his written evaluation, that the appellant was suffering from chronic schizophrenia and a factitious disorder which caused him to be a danger to others.

The physicians also agreed that he needed treatment and that local treatment programs either were inappropriate or would not take him because he had a tendency to strike out at others. The requirements of A.R.S. § 36–539(B) were met.

■ The appellant next contends that there was insufficient evidence to establish that the appellant was unwilling or unable to receive voluntary treatment. A review of the record, however, reveals that ample evidence was presented in support of such a finding. Dr. Van Putten testified that the patient needed treatment at the state hospital, and that he was unwilling to accept such treatment. The patient's treatment network therapist testified that he was familiar with the treatment available locally and that because of the patient's violent nature no facility would take him. The patient himself testified that he did not want to go to the Arizona State Hospital. The findings of the trier of fact should be sustained if the evidence furnishes reasonable or substantial support therefor. *Murillo v. Hernandez*, 79 Ariz. 1, 281 P.2d 786 (1955); Appeal in Maricopa County Juvenile Action No. JS–4130, 132 Ariz. 486, 647 P.2d 184 (App.1982). There was substantial evidence to support the trial court's finding.

■ The appellant also claims that the trial court erroneously found that appellant was a danger to others, pursuant to A.R.S. § 36–501(3). This argument is also without merit. There was an abundance of evidence before the trial court from which it could make such a finding. The appellant made an unprovoked assault on the house manager, an attempted assault on a fellow resident, an assault on Dr. Van Putten, and numerous threats of serious physical harm.

Appellant next argues that the trial court erred in finding that appellant's behavior was a result of a mental disorder. Counsel for appellant, without citing any authority, contends that the evidence shows a character or personality disorder, and not a mental disorder. The record is clear, however, that both physicians testified that appellant suffers from chronic schizophrenia and a factitious disorder and that the appellant's

316

recent behavior was the result of those mental disorders.

 Finally, appellant contends that the trial court erred in ordering him to the state hospital instead of a local treatment center. Specifically, appellant argues that because the court did not base its order on the state hospital's annual description of programs, it fails to meet the burden of A.R.S. § 36–541, which provides:

"A patient who is ordered by a court to undergo treatment, if not hospitalized in the state hospital at the time of the order, shall undergo treatment for at least twenty-five days in a local mental health treatment agency geographically convenient for the patient before being hospitalized in the state hospital. This section shall not apply if the court finds, at a hearing on court-ordered treatment, that the patient's present condition and history demonstrate that the patient will not benefit from the required period of treatment in a local mental health treatment agency or that the state hospital provides a program which is specific to the needs of the patient and is unavailable in the local mental health treatment agency, or when there is no local mental health treatment agency readily available to the patient. Such a finding shall be based at least upon the annual written description by the state hospital of programs and services available and appropriate written reports from the medical director of the local mental health treatment agency. The patient may be immediately hospitalized at the state hospital whenever the court determines that this section does not apply."

We find appellant's interpretation of A.R.S. § 36–541 to be incorrect. The state hospital's annual report must be considered by the court if the court finds that the "state hospital provides a program which is specific to the needs of the patient and is unavailable in the local mental health treatment agency." Concomitantly, the state hospital annual report need not be examined if the court finds that the patient will not benefit from the required period of

local treatment or that no local treatment is available. In these latter cases, however, the court must at least base its findings on the written reports from the medical director of the local mental health treatment center.

Although the state hospital's annual report was not available at the time of the hearing, it was not necessary for the court to consider the report in this case. Written reports and testimony from Dr. Van Putten, the medical director of Kino and acting medical director of La Frontera Mental Health Center, indicated that appellant would not have benefited from any further stay at Kino and that all local treatment possibilities had been exhausted or that no appropriate local treatment existed. We find that the requisites of A.R.S. § 36–541 were met.

Affirmed.

FERNANDEZ and LIVERMORE, JJ., concur.